[Civ. No. 105.   Second Appellate District.—December 12, 1905.]

CLARA L. CHAPIN, Respondent, v. ABNER L. ROSS, Appellant.

ACTION TO REFORM AND ENFORCE CONTRACT—SUPPORT OF FINDINGS AND JUDGMENT.—An action will lie under the provisions of sections 3399 to 3402 of the Civil Code, to reform a contract, and enforce it as reformed, where the court finds, under the pleadings, upon sufficient evidence, that it did not express the agreement and understanding of the parties, although there was no mutual mistake or any mistake

2 Cal. App.—28

of the parties to the contract at the time of making it, but that plaintiff understood the promise therein made in accordance with the reformed contract, and defendant at said time believed such to be plaintiff's understanding thereof.  Such findings are sufficient to support a judgment for plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.  M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Robert Young, for Appellant.

H. S. Rollins, for Respondent.

SMITH, J.—Appeal from a judgment for the plaintiff, and an order denying the defendant's motion for a new trial.  The suit was brought to reform a written contract, and to recover money thereon due as reformed.  The contract, which is admitted, recites a conveyance of even date by the plaintiff to the defendant of certain lands on the easterly side of Grover street, in the city of Los Angeles; and by its terms, and in consideration of the conveyance, the defendant agrees "that when said Grover street shall be graded, curbed and sidewalked, he will pay all costs and expenses for grading, curbing and sidewalking said Grover street in front of the property now still owned by the party of the first part hereto, said property having a frontage of six hundred and thirty-nine and fifty-six one hundredths feet on the west side of said Grover street, said grading, curbing and sidewalking to be uniform in character, workmanship and materials with that used on the other portions of said Grover street."

The allegations of the complaint with regard to mistake are (paragraph 2): "That at the time of making said written agreement, and immediately prior thereto, it was agreed and understood between the parties hereto that when said Grover street should be graded and improved so as to make the same what is commonly termed a 'graded street,' by being graded, graveled, guttered, curbed, sidewalked, and otherwise improved and placed in a finished and completed condition for travel and use thereof by the public, and acceptable to the city of Los Angeles, the said Ross, defendant herein, would

pay the entire cost and expense for all of such improvements and work upon said Grover street in front of the property then owned by the plaintiff herein, lying on the west side of said Grover street and having a frontage thereon of six hundred and thirty-nine and fifty-six one hundredths feet, as described in said written agreement''—and (paragraph 3) that by mutual mistake of the parties thereto the written agreement failed to express the intention and meaning of the parties as above indicated. The street was afterward improved under an ordinance of the city of Los Angeles, ''by being graded, graveled, guttered, curbed and sidewalked,'' etc., and the cost of the improvement was $1,524.77, which sum the defendant refuses to pay.

The court, in the language of the complaint, finds the second paragraph of the complaint to be true; and as to the allegations of paragraph 3 it is found ''that there was no mutual mistake, or any mistake, of the parties to said written agreement at the time of the making of the same, but the plaintiff understood the promise therein made by the defendant Ross to pay for the grading, curbing, and sidewalking as referring to the entire cost for the improvement of said street, and said defendant at said time believed such to be plaintiff's understanding thereof.'' Upon these facts the court finds, as conclusion of law, that the plaintiff is entitled to recover the cost of the improvement, with interest, etc., and judgment was entered accordingly.

The points urged by the defendant for reversal are that the findings of the court above referred to are not justified by the evidence, and that the facts found are insufficient to justify the judgment. But, as to the first point, we cannot say that the evidence was insufficient; and we are of the opinion, as to the second, that the case comes within the provisions of sections 3399 to 3402 of the Civil Code, and that the findings are sufficient to support the judgment.

The judgment and order appealed from are affirmed.

Gray, P. J., and Allen, J., concurred.